UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mark Fisher

    v.                                                              Civil No. 16-cv-176-JD
                                                                           Opinion No. 2017 DNH 020

Carolyn Colvin,
Acting Commissioner,
Social Security Administration

O R D E R

After the court reversed and remanded the decision of the Acting Commissioner denying benefits to Mark Fisher, he moved for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").  The Acting Commissioner objects to the motion on the grounds that her position was substantially justified.  Fisher replies, challenging the Acting Commissioner's grounds for substantial justification.

Standard of Review

Attorneys who represent successful claimants for social security benefits may be awarded fees under the EAJA.  28 U.S.C. § 2414(d)(1)(A).  In support of a motion for attorneys' fees, a claimant must allege facts to show that the position of the Acting Commissioner was not substantially justified.  § 2412(d)(1)(B).  The Acting Commissioner, however, bears the burden of showing that her position was substantially justified.

McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1475 (1st Cir. 1989). The court may reduce or deny an award of fees if the circumstances would make the award unjust. § 2412(d)(1)(C).

## Discussion

In this case, the ALJ found that Fisher was not disabled for purposes of his application for supplemental security income. At Step Three, the ALJ found that Fisher's impairment or impairments did not meet or equal the requirements of the listed impairment at § 5.05 of 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ continued on through the five-step sequential analysis to conclude that jobs existed which Fisher could do.

For purposes of judicial review, Fisher argued generally that substantial evidence supported his claim for benefits, making the ALJ's findings erroneous. The court explained that Fisher, who is represented by counsel, misunderstood the standard of review. Instead, the court must affirm the Acting Commissioner's decision as long as substantial evidence in the record supports the ALJ's findings. Nguyen v. Chater, 172 F.3d 1, 35 (1st Cir. 1999).

Fisher challenged the ALJ's finding at Step Three, the ALJ's analysis of the opinions of Fisher's treating physician,

and the assessment of his residual functional capacity.  The court considered the issue of the ALJ's Step Three finding, which was dispositive, so that the remaining issues were not addressed.

In his decision, the ALJ made only a cursory finding that Fisher did not meet the criteria of § 5.05 without considering any of the specific parts or criteria of that listing.  For judicial review, Fisher contended that he met the criteria for § 5.05(F), which requires satisfying § 5.05(F)(1) and § 5.05(F)(2) or (3).  The Acting Commissioner agreed that Fisher had chronic liver disease with hepatic encephalopathy and that he satisfied the criteria of § 5.05(F)(3).

The Acting Commissioner argued, however, that Fisher did not meet the criteria of § 5.05(F)(1), the other necessary requirement for § 5.05(F), which requires "abnormal behavior, cognitive dysfunction, changes in mental status, or altered state of consciousness (for example, confusion, delirium, stupor, or coma), present on at least two evaluations at least 60 days apart within a consecutive 6-month period."  Fisher argued that he did meet § 5.05(F)(3) because he had been hospitalized three times when he was experiencing an altered mental state.  The Acting Commissioner then argued that Fisher's hospitalizations did not meet the criteria because one occurred before his application was filed, the other two were not sixty

days apart, and the records did not include evaluations of his altered mental state.

The court noted that the ALJ had not considered any of the issues that had been raised with respect to § 5.05(F). As a result, the ALJ's decision did not show whether he considered the first hospitalization or whether the relevant period for purposes of § 5.05(F) included treatment before the application date. The court noted the importance of the issue and decided that "it is appropriate to allow the Social Security Administration to develop the record at the administrative level before the issue is reviewed here."

The court also noted that the ALJ did not explain that his Step Three finding was based on the lack of an abnormal evaluation so that the issue raised by the Acting Commissioner had not been considered at the administrative level. The court decided that the criteria of § 5.05(F)(1) should be addressed in administrative proceedings. The court reversed and remanded the decision for further administrative proceedings.

The Acting Commissioner argues that her position in supporting the ALJ's finding was substantially justified. The Acting Commissioner's position is substantially justified "if it is 'justified to a degree that could satisfy a reasonable person'—that is, if the position has a 'reasonable basis both in law and fact.'" McLaughlin v. Hagel, 767 F.3d 113, 117 (1st

4

Cir. 2014) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  The Acting Commissioner's position may be substantially justified when the issue is close or novel.  See Schock v. United States, 254 F.3d 1, 6 (1st Cir. 2001); Knudsen v. Colvin, 2015 WL 4628784, at *2 (D. Me. July 31, 2015) (finding no substantial justification where issue was not novel); Dexter v. Astrue, 2012 WL 3637920, at *1-*2 (D. Me. 2012) (noting that issue was novel without binding precedent and finding substantial justification).

The Acting Commissioner argues that the court remanded the case based on an issue that was out of the ordinary.  She asserts that she "could not have anticipated that the ALJ would have been called upon to define the word 'evaluations'."  She contends that the court should have defined evaluations without remanding the case.  She further asserts that she properly assumed that "the emphasis would be on the evidence, not on the ALJ's shortfall in articulating his analysis."

In reviewing administrative proceedings, including social security proceedings, the court generally does not affirm an ALJ's decision based on grounds other than those relied on by the ALJ.  Letellier v. Comm'r of Social Security Admin., 2014 WL 936437, at *7-*8 (D.N.H. Mar. 11, 2014).  In this case, the Acting Commissioner attempted to fill in the gaps in the ALJ's decision by providing reasons and pointing to evidence to

support the Step Three finding. If the Acting Commissioner's reasoning and evidence had demonstrated that the ALJ would necessarily have reached the same conclusion at Step Three, then the decision might have been affirmed. See Ward v. Comm'r of Social Security, 211 F.3d 652, 656 (1st Cir. 2000). Here, however, the Acting Commissioner's reasoning raised new questions that could not be resolved on the record.

The parties agree that the issues raised by the Acting Commissioner's analysis were novel. In addition, Fisher applied the wrong standard in his motion for reversing and remanding the case. Considering all of the circumstances, the Acting Commissioner has carried her burden of showing substantial justification for her position in this case.

## Conclusion

For the foregoing reasons, the claimant's motion for attorneys' fees (document no. 14) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph DiClerico, Jr.
United States District Judge

January 30, 2017

cc:  Robert J. Rabuck, Esq.
     Sheila O'Leary Zakre, Esq.